UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-342-GWU

CRYSTAL IONA FUSON,                                                                            PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                          DEFENDANT.

## INTRODUCTION

Crystal Fuson brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income (SSI). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

06-342 Fuson

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

>whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

06-342 Fuson

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency

may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Fuson, a 23 year-old woman with no past relevant work history and a "limited" education, suffered from impairments related to residual effects of discectomy and fusion at L4-L5 and an anxiety disorder. (Tr. 23, 26). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 30). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 30-31). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 29-30).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. The ALJ erred in evaluating the medical record. However, the current record also does not mandate an immediate award of SSI. Therefore, the Court must grant the plaintiff's summary

06-342 Fuson

judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

Dr. Amr El-Naggar was Fuson's treating neurosurgeon. In April of 2005, Dr. El-Naggar completed a Residual Functional Capacity Questionnaire upon which he identified a number of physical restrictions. The question included limitations on standing for more than a total of two hours a day, walking for more than a total of two hours a day, and sitting for more than a total of four hours a day. (Tr. 450). Other noted restrictions were an inability to more than occasionally bend, squat, crawl, climb, stoop, crouch, or kneel. (Tr. 451). The doctor also indicated that the plaintiff's symptoms would interfere with her ability to attend work successfully for three to four days a month. (Tr. 452). As a treating physician, Dr. El-Naggar's opinion would normally be entitled to superior weight.

The ALJ presented four separate hypothetical questions none of which included Dr. El-Naggar's physical limitations. (Tr. 527-531). The second and third questions did include a sit/stand option in 30 minute intervals, but the questions did not address the time limit totals on these activities as reported by Dr. El-Naggar. The vocational expert did testify that failure to attend work for more than two days a month would not be tolerated by most employers. (Tr. 332). Thus, the absences of three to four days a month indicated by Dr. El-Naggar would likely be a totally disabling restriction all by itself.

In the text of the denial decision, the ALJ did not articulate reasons why he did not find Dr. El-Naggar's opinion to be binding. (Tr. 23-31). However, the administrative regulations state that "we will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. Section 416.927(d)(2). The Sixth Circuit Court of Appeals has noted this procedural requirement for an ALJ to state the reasons for rejecting the opinion of a treating source and indicated that the agency's failure to follow its own procedural regulations on this question constitutes reversible error. Wilson v. Commissioner of Social Security, 378 F.3d 541, 544 (6th Cir. 2004). The Sixth Circuit stated that this requirement exists to insure that reviewing courts could see that the treating physician's rule was properly applied and to provide information to claimants who would otherwise not understand why the opinion of their treating doctor was disregarded. Wilson, 378 F.3d at 544-545. Therefore, a remand of the action for further consideration is required.

The defendant argues that the ALJ could properly rely upon the opinions of Dr. James Ramsey (Tr. 395-404) and Dr. John Rawlings (Tr. 405-410), the non-examining medical reviewers, to offset the opinions Dr. El-Naggar and Dr. Susan Petrosky,[1] the treating physicians. However, the defendant does not address the

[1]Dr. Petrosky was another treating physician who also reported the existence of essentially disabling limitations. (Tr. 499).

06-342 Fuson

aforementioned problems concerning the ALJ's failure to articulate reasons why Dr. El-Naggar's opinion was not given controlling weight.[2]

Furthermore, the Court notes that the ALJ does not appear to have relied upon the opinions of the non-examining reviewers.  The ALJ did not cite Dr. Ramsey or Dr. Rawlings in support of his findings.[3]  (Tr. 423-431).  In fact, each reviewer identified the existence of significant limitations concerning climbing and stooping which the ALJ did not include in his various hypothetical questions.  (Tr. 397, 407).  Finally, the Court notes that if the ALJ had tried to rely upon these opinions, neither reviewer had the opportunity to see a complete record since they saw it in June and October of 2004 while considerable evidence was introduced through November, 2005.  (Tr. 1-4).  Included among this evidence was Dr. El-Naggar's April, 2005 assessment (Tr. 450-452) as well as a November, 2005 assessment from Dr. Petrosky (Tr. 499), each a treating doctor.  Social Security Ruling 96-6p suggests that an ALJ may rely upon the opinion of a non-examiner over that of an examining source only when the non-examiner has reviewed a <u>complete</u> medical record.  Non-examiners also need to articulate the reasons why their opinions differ from those

---

[2] The ALJ did articulate reasons why Dr. Petrosky's opinion was not entitled to superior weight.  (Tr. 27).

[3] The ALJ did cite the opinions of the medical reviewers who addressed the claimant's mental condition (Tr. 28), but omitted any discussion of those addressing her physical problems.

06-342 Fuson

of the examining sources which did not happen in this case because the reviewers had no opportunity to see and comment upon the findings of Dr. El-Naggar and Dr. Petrosky.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration.  Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 19th day of June, 2007.



Signed By:

G. Wix Unthank

United States Senior Judge

11